UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ralph Garcia,

Plaintiff,

v. Case No. 14-10991

Carolyn W. Colvin, Acting Commissioner of Social Security,

Sean F. Cox
United States District Court Judge

Defendant.
_______________________________/

**OPINION & ORDER**

Plaintiff Ralph Garcia ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) challenging the final decision of Defendant Commissioner of Social Security ("the Commissioner") denying his application for Social Security Disability benefits. Both parties filed motions for summary judgment, which are presently before this Court. (Doc. # 14, 15).

As explained below, this Court concludes that the ALJ erred by failing to provide adequate explanation for his unfavorable disability determination at Step Three of his analysis. Therefore, this Court shall GRANT IN PART and DENY IN PART Plaintiff's Motion for Summary Judgment, DENY Defendant's Motion for Summary Judgment, and REMAND this case for further proceedings.

## BACKGROUND

### A. Procedural History

Plaintiff filed an application for Social Security Disability benefits ("SSD") on July 22, 2011, and an application for Supplemental Security Income benefits ("SSI") on August 4, 2011, alleging

disability since June 26, 2010. Plaintiff's claims were denied at the initial administrative stages. Plaintiff appealed and requested a de novo hearing before an administrative law judge ("ALJ").

That hearing was held before ALJ Gregory Holiday ("ALJ Holiday") on November 13, 2012. Plaintiff, who was represented by counsel, appeared and testified at that hearing. In a written decision issued on November 28, 2012, ALJ Holiday concluded that Plaintiff "has not been under a disability within the meaning of the Social Security Act from June 26, 2010, through the date of" the decision. (A.R. 18).

Plaintiff requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied review, rendering the ALJ's adverse decision the Commissioner's final decision. Plaintiff timely filed this action on March 6, 2014. (Doc. #1).

**B. The Administrative Record**

The administrative record is quite extensive. The Court includes here some of the evidence in the record that is relevant to the issues in this Opinion and Order.

**1. Medical Records**

Plaintiff was a passenger in a vehicle that was involved in a car accident during the early morning hours of January 1, 2011. Plaintiff was taken to St. Joseph Hospital in Ann Arbor, Michigan where a CT scan of his cervical spine was performed. Although the CT scan revealed no evidence of a fracture, the CT scan did indicate mild discogenic degenerative changes in the mid-lower spine, mile to moderate cervical facet hypertrophy, and atherosclerotic calcification of carotid arteries within the neck. (A.R. 217).

Plaintiff began treating with Dr. Ateeq K. Rehman ("Dr. Rehman") of Allen Park Health Center on April 6, 2011. Plaintiff's chief complaints were neck and lower back pain. (A.R. 227).

Upon examination, Plaintiff exhibited tenderness in the bilateral cervical paraspinal muscles and decreased range of motion and lateral rotation. (A.R. 227). Plaintiff also had a positive straight leg raise test and positive Patrick's test. (A.R. 228). A Spurling's test was noted to be positive on the left. (A.R. 228). Plaintiff's range of motion was decreased in lumbar flexion, extension, and lateral rotation. (A.R. 228). Plaintiff had a full range of motion in his hips, knees and ankles. (A.R. 228).

Dr. Rehman diagnosed Plaintiff with left side neck pain, lower back pain, and lumbar/cervical myositis. Dr. Rehman prescribed Flexeril and Ultram, and referred Plaintiff to physical therapy. (A.R. 228).

During a follow-up visit in May 2011, Dr. Rehman ordered an MRI of Plaintiff's spine. The MRI showed broad-based disc herniation at the L5-S1 level impinging the thecal sac causing moderate-severe bilateral neuroforaminal narrowing; disc bulge at the L4-5 level causing bilateral neuroforaminal narrowing; posterocentral herniation at the T12-L1 level impinging upon the thecal sac and ventral cord; and disc bulges at the L1-2, 2-3 and L3-4 levels impinging upon the thecal sac. (A.R. 229).

Plaintiff continued to treat with Dr. Rehman and receive physical therapy from April 2011 - December 2011. Upon discharge from physical therapy on December 20, 2011, Plaintiff reported a 25% improvement in his condition. As of December 2011, Plaintiff was prescribed Zanaflex, Ultram, Motrin and Paxil. (A.R. 273). On December 14, 2011, Dr. Rehman diagnosed Plaintiff with lumbar radiculitis, lumbar myositis, and cerical myositis. (A.R. 274).

On May 11, 2012, Plaintiff was evaluated by Dr. Aria Sabit ("Dr. Sabit") at the Michigan Brain and Spine Institute. (A.R. 255). Dr. Sabit noted that Plaintiff showed "tenderness along the dorsal aspect of the lumbosacral spine." (A.R. 255). Dr. Sabit also noted that a straight leg raise

test was positive bilaterally at about 25-30 degrees. Plaintiff exhibited decreased pinprick sensation along the S1 distribution, and his gait was antalgic. (A.R. 255). During that visit, Dr. Sabit offered Plaintiff L5-S1 decompression and noted that surgery would be discussed. (A.R. 255).

Plaintiff was examined by Dr. Muzaffar K. Awan on August 21, 2012. (A.R. 256). Treatment notes indicate that Plaintiff complained that his neck pain was 2-3/10 and his low back pain was 7/10. Plaintiff stated that prolonged sitting, standing and walking increases his pain and medication helps to decrease his pain. (A.R. 256). Plaintiff was prescribed Vicodin, Paxil, Simvastatin, and Lisinopril. (A.R. 256).

**2. Plaintiff's Testimony**

Plaintiff testified at the November 12, 2012 hearing before ALJ Holiday. Plaintiff testified that he lives with his girlfriend and his fourteen year old son. (A.R. 40). Plaintiff stopped working due to "constant pain" in his back. (A.R. 48). Plaintiff testified that he is able to stand and walk for approximately twenty minutes to a half hour at a time. (A.R. 48). If Plaintiff sits for too long, he has to stand up due to back pain as well. (A.R. 48). When he is at home, Plaintiff mostly sits in a recliner with his legs elevated. (A.R. 49).

Plaintiff testified that his prescribed pain medications cause him to feel sleepy, tired, and drowsy. (A.R. 50). Plaintiff feels tired "mostly all day." (A.R. 52). Plaintiff also takes Paxil for depression. (A.R. 53). Plaintiff can lift two to three pounds, (A.R. 53), can only do 10 to 15 minutes of household chores, (A.R. 53), and has difficulty sleeping at night due to back pain. (A.R. 51).

**C. Social Security Framework**

"Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to

investigate the facts and develop the arguments both for and against granting benefits . . . ." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).

The Commissioner determines the merit of a social security disability claim by following a sequential five-step analysis. *See* 20 C.F.R. § 404.1520. The Commissioner must determine: (1) whether the claimant is working; (2) whether the alleged impairment is severe; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can still do past relevant work; and, (5) when considering the claimant's age, education, work experience, and residual functional capacity, whether the claimant can do other work. 20 C.F.R. § 404.1520(a)(4). The claimant has the burden of satisfying the first four steps. *See Longworth v. Comm'r Soc. Sec. Admin*., 402 F.3d 591, 595 (6th Cir. 2005). The burden then shifts to the Commissioner to answer the final inquiry. *Id*.

In this case, the ALJ was tasked with deciding medical equivalence at step three. 20 C.F.R. § 416.926 (e). In doing so, the ALJ was to "consider all evidence in [Plaintiff's] case record about [his] impairment(s) and its effects on [him] that is relevant to this finding." 20 C.F.R. § 416.926 (c). "Under the theory of presumptive disability, a claimant is eligible for benefits if she has an impairment that meets or medically equals one of the listed impairments . . . ." *Andrews v. Comm'r of Soc. Sec.*, 2013 WL 2200393 at *11 (E.D. Mich. 2013) (citing *Christephore v. comm'r of Soc. Sec.*, 2012 WL 2274328 at *6 (E.D. Mich. 2012)) (accepting and adopting report and recommendation of magistrate judge). Therefore, at step three of the analysis, the ALJ must "analyze [the claimant's] physical condition in relation to the Listed Impairments." *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, 416 (6th Cir. 2011). The failure to engage in proper analysis at step three can, by itself, be grounds for remand. *Id.*

**D. The ALJ's Findings**

In reaching his determination, the ALJ made the following findings. At step one, ALJ Holiday found that Plaintiff has not engaged in any substantial gainful activity since June 26, 2010, which was his alleged onset date. (ALJ Opinion at 3). At step two, ALJ Holiday found that Plaintiff has severe impairments of obesity and degenerative disc disease of the lumbar spine. (ALJ Opinion at 3).

At step three, without further analysis, ALJ Holiday concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in" 20 C.F.R. 404.1420(d), 404.1525 and 404.1526.[1] (ALJ Opinion at 4).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1457(a), except that Plaintiff required

> a sit/stand option, allowing him to alternate between sitting and standing up to three times per hour. [Plaintiff] cannot climb ladders, ropes or scaffolds. [Plaintiff] can only occasionally climb ramps or stairs. [Plaintiff] can only occasionally stop, crouch, kneel, crawl, and can only frequently balance. [Plaintiff] must avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights.

(ALJ Opinion at 4). The ALJ then set forth a discussion of Plaintiff's testimony and medical records pertaining to Plaintiff's disability. (ALJ Opinion at 4-8).

---

[1] Listing 1.04A lists the following disabling impairment: **1.04 Disorders of the spine** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

At step four, ALJ Holiday concluded that Plaintiff could not perform any relevant past work. (ALJ Opinion at 8). At step five, ALJ Holiday found that Plaintiff could perform other work that comports with his RFC, age, education, and work experience. Relying on the vocational expert's testimony, ALJ Holiday found that Plaintiff could perform the work of a hand packager, a small products assembler, and a visual inspector/checker. (ALJ Opinion at 9). Therefore, ALJ Holiday found that Plaintiff has not been under a disability as defined in the Social Security Act from June 26, 2010 through the date of his decision. (ALJ Opinion at 10).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he or she employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Substantial evidence is more than a scintilla but less than a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court may not "resolve conflicts in evidence, nor decide questions of credibility." *Walters*, 127 F.3d at 528.

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 3d 388, 389-90 (6th Cir. 1999). Thus, the standard of review is deferential and "presupposes that there is a 'zone of choice' within which decisions makers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.

1986) (*en banc*). However, if the ALJ commits an error of law, the court must reverse and remand 'even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, 414 (6th Cir. 2011) (quoting *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. App'x 852, 859 (6th Cir. 2011). "Importantly, an ALJ must include a discussion of 'findings and conclusions, and the reasons or basis therfor, on all the material issues of fact, law, or discretion presented on the record.'" *Id.* (quoting 5 U.S.C. § 557(c)(3)(A)).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on two bases. Plaintiff first argues that the ALJ's step three determination is not supported by substantial evidence because the ALJ failed to analyze or explain why Plaintiff's impairments do not meet or medically equal the impairments listed at Listing 1.04. (Pl. MSJ, Doc. #14 at 11-12). Plaintiff also argues that the ALJ erred in determining that Plaintiff's impairments were not "medically equal to" the impairments described in Listing 1.04 without first receiving an expert medical opinion on the issue of medical equivalency. (Pl. MSJ at 17).

This Court finds that the ALJ erred by failing to analyze or explain why Plaintiff's impairments do not meet or medically equal those contained in the Appendix. At step three, the ALJ was required to "actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion . . . ." *Reynolds*, 424 Fed. App'x at 416. Instead, ALJ Holiday concluded, without further analysis of the medical evidence or listed impairments, that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in" the appendix. (ALJ Opinion at 4). This "perfunctory analysis" is

"beyond meaningful review." *Christephore*, 2012 WL 2274328 at *7 (collecting cases).

The Court may "overlook the ALJ's failure to articulate his Step Three findings if the error is harmless in nature." *M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp. 2d 846, 859 (E.D. Mich. 2012). Here, the Court finds that this deficiency is not harmless error because "the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." *Reynolds*, 424 Fed. App'x at 416.

Of course, to meet a listing, "a claimant's impairments must satisfy each and every element of the listing." *Andrews*, 2013 WL 2200393 at *13 (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Plaintiff satisfies at least some of the requirements of Listing 1.04, *see* fn 1, *supra*, because a CT scan revealed that Plaintiff has degenerative disc disease, (A.R. 217), Plaintiff has had positive straight-leg raising test, (A.R. 255), and an MRI shows moderate-severe bilateral neuroforaminal narrowing as a result of disc herniation (A.R. 229). If the ALJ had engaged in proper step three analysis, he may have concluded that Plaintiff's diagnoses and symptoms met or medically equaled those listed in the Appendix. Upon such a finding, the ALJ would have been required to conclude that Plaintiff is disabled and, therefore, entitled to benefits "regardless of what the ALJ's conclusion would have been at Steps Four and Five." *Id.* The Court finds that the case must be remanded so that the ALJ can engage in the required analysis at step three.

*Reynolds* supports this conclusion. In *Reynolds*, the ALJ found that the claimant had the severe impairments of back pain and "an adjustment disorder." *Reynolds*, 424 Fed. App'x at 413. The claimant argued that she qualified as disabled under Listing 1.04, entitled "Disorders of the Spine." *Id.* at 415. With regard to the claimant's back pain, the ALJ simply concluded that she

"[did] not have an impairment or combination of impairments which, alone or in combination, meet sections 1.00 or 12.00 of the Listings." *Id.* The Sixth Circuit remanded the case to the ALJ because it found that the ALJ "failed to analyze [claimant's] physical condition in relation to the Listed Impairments." *Reynolds*, 424 Fed. App'x at 416. The Sixth Circuit found that this error "was not harmless, for if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits." *Id.*

Likewise here, the ALJ's step three conclusion is deficient because he failed to explain the reasoning for his conclusion with citations to the medical evidence and the Appendix. For the aforementioned reasons, the Court finds that this was not a harmless error.

Based on the foregoing, the Court finds that the ALJ erred by failing to provide adequate analysis at step three.[2] Therefore, the Court shall GRANT IN PART and DENY IN PART Plaintiff's Motion for Summary Judgment, DENY Defendant's Motion for Summary Judgment, and REMAND the case for further proceedings.

**CONCLUSION & ORDER**

For the reasons set forth above, the Court shall enter judgment in favor of Plaintiff, reversing the Commissioner's decision and remanding this case to the Social Security Administration for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

As such, IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Doc. #14) is GRANTED IN PART. The Motion is GRANTED to the extent that the Court hereby REMANDS the case for further proceedings consistent with this Opinion & Order. The motion is DENIED in

---

[2] The Court shall decline to consider whether remand is necessary based on the ALJ's alleged failure to obtain an expert medical opinion on the issue of medical equivalency.

all other respects.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. #15) is DENIED.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 24, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager